FILED
06/01/2026
*Beth Parks*
CLERK
Butte-Silver Bow County District Court
STATE OF MONTANA
By: Beth Parks
DV-47-2026-0000196-PI
Whelan, Robert J.
1.00

Michael W. Haynes, Esq.
Joyce, MacDonald, Haynes & Johnston, PLLP
100 E. Broadway St., First Floor
Butte, Montana 59701
Phone: (406) 723-8700
Fax: (406) 723-8788
Email: mike@joyce-macdonald.com

Attorneys for Plaintiff

**MONTANA SECOND JUDICIAL DISTRICT COURT**
**SILVER BOW COUNTY**

| | |
|---|---|
| GORDON CRISCUOLO,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD JOSEPH CONSTRUCTION, INC, and THREE CLOVER HOMES, LLC,<br><br>Defendants. | Cause No. DV-47-2026-0000196-PI<br>Robert J Whelan<br>Judge Dept. 2<br><br>COMPLAINT<br><br>SUMMONS ISSUED |

COMES NOW the Plaintiff, Gordon Criscuolo (hereafter "Gordon"), by and through his attorney of record, and for his claim for relief against Defendants, Richard Joseph Construction, Inc (hereafter "RJC"), and Three Clover Homes, LLC (hereafter "TCH"), alleges as follows:

**I.**

Gordon is a resident of Butte-Silver Bow County, Montana.

**II.**

Defendant RJC is a foreign for-profit corporation that conducts business in Montana with its principal place of business in Reno, Nevada.

**III.**

Defendant TCH is a Montana for-profit business entity that conducts business in Montana with its principal place of business in Butte, Montana.

**IV.**

The events giving rise to this Complaint occurred in Silver Bow County, Montana.

**V.**

This Court has jurisdiction under Montana Constitution Art. VII, § 4 and MCA § 3-5-302 because the claims arise under Montana law and the amount in controversy exceeds the jurisdictional threshold.

**VI.**

Venue is proper in Silver Bow County under MCA § 25-2-122 and § 25-2-117 because the wrongful acts and omissions giving rise to this action occurred in Silver Bow County and the proper place of trial for Defendant TCH is in Silver Bow County, making Silver Bow County a proper venue for all Defendants.

**VII.**

At all times relevant, RJC and TCH were a unified enterprise that worked in concert to develop and build residential houses located on Pine Street in Butte, Montana ("Pine Street jobsite").

**VIII.**

Gordon was contracted by RJC and TCH to perform drywall services at the Pine Street jobsite in Butte, Montana.

**IX.**

At all times relevant, RJC and TCH possessed and retained control over the Pine Street jobsite, including the working location, conditions, and means by which Gordon could reach the area where he was performing work for the Defendants.

**X.**

On or about August 26, 2025, Gordon was performing drywall work at the Pine Street jobsite. Gordon was drywalling along the interior walls, which extended into a closet. While working along the walls in the closet, Gordon stepped into an uncovered hole in the floor, causing him to fall into the hole and suffer serious bodily injuries.

**XI.**

Shortly after the fall, Defendants' project superintendent was notified about the lack of a cover over the floor hole and Gordon's resulting fall through the floor hole. In response, Defendants, through their agents, installed a wooden cover over the floor hole.

**XII.**

RJC and TCH owed Gordon a duty to provide a safe workplace under Mont. Code Ann. § 50-71-201.

XIII.

RJC and TCH owed a nondelegable contractual duty to ensure a safe work environment for Gordon.

XIV.

RJC and TCH owed Gordon a duty to use reasonable care to ensure the Pine Street jobsite was reasonably safe and to warn Gordon of the hidden and lurking fall hazard posed by the uncovered and unguarded floor hole.

XV.

RJC and TCH owed Gordon a duty to comply with applicable safety regulations and industry standards to protect workers on the Pine Street jobsite from hazards such as uncovered holes in walking and working surfaces.

XVI.

RJC and TCH owed Gordon a duty to exercise their retained control over the Pine Street jobsite with reasonable care.

XVII.

RJC and TCH were negligent and breached those duties set forth herein by causing and allowing the dangerous floor hole through which Gordon fell to exist, by failing to cover or place a guardrail around the floor hole, by failing to warn Gordon of the uncovered floor hole, and by failing to otherwise provide a safe workplace and premises free of unreasonably dangerous conditions.

**XVIII.**

RJC's and TCH's creation of the floor hole and failure to warn of or cover the floor hole it created was a violation of OSHA regulations, a violation of Mont. Code Ann. § 50-71-201, a violation of industry standards, and negligence under Montana law.

**XIX.**

As a direct and proximate result of Defendants' negligence and breach of those duties set forth herein, Plaintiff incurred medical expenses, and will incur medical expenses in the future, lost wages and will lose wages in the future, suffered pain of body and mind and will suffer such pain in the future, and suffered a diminution in his ability to enjoy an established course of life.

**XX.**

RJC and TCH are jointly and severally liable for all detriment caused to Gordon as a result of falling through the uncovered and unguarded floor hole.

**XXI.**

Gordon is entitled to recover damages from Defendants RJC and TCH for all detriment caused to him as a result of falling through the uncovered and unguarded floor hole.

**XXII.**

WHEREFORE, the Plaintiff prays for relief as follows:

1. For those damages to be proven at trial.
2. For pre-judgment and post-judgment interest.

3. For the costs of this suit and attorneys' fees incurred herein.

4. For any other and further relief the Court deems just.

DATED this 1st day of June 2026.

Joyce, MacDonald, Haynes & Johnston, PLLP

MICHAEL W. HAYNES
Attorney for Plaintiff